IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE EMMES COMPANY, LLC,

*Plaintiff,*

v.

SAP AMERICA, INC.,

*Defendant.*

CIVIL ACTION
NO. 21-0019

**PAPPERT, J.**                                                          **July 29, 2021**

## <u>MEMORANDUM</u>

The Emmes Company seeks leave to amend its Complaint after missing a Court-ordered deadline to do so.  The Court grants the Motion in part and denies it in part for the reasons that follow.

I

A

The Court recounted the facts of this case in its April 28, 2021 Memorandum (ECF 28).  In short, Emmes sued SAP America after it paid over $85,0000 to use SAP's Cloud Service pursuant to a written Agreement.  (*Id.* at 1.)  Emmes claims the Cloud Service is defective and unusable for its business purposes.  (*Id.* at 1–2.)  It further claims it received deficient implementation services from SAP's third party partner AltaFlux, and it seeks to hold SAP liable for AltaFlux's actions.  (*Id.* at 2–3.)

B

The Court recently dismissed most of Emmes's claims after SAP moved to dismiss the initial Complaint.  *See generally* (Mot. to Dismiss, ECF 11); (Apr. 28, 2021 Mem.).  The Complaint alleged SAP (1) breached the Agreement by failing to deliver

1

the Cloud Service "in a manner that conforms to the expectations set forth in the Agreement;" (2) negligently selected AltaFlux as Emmes's Cloud Service implementation partner; (3) negligently misrepresented its Cloud Service; and (4) was vicariously liable for AltaFlux's performance. *See generally* (Compl. ¶¶ 31–52, ECF 1-1). It further requested declaratory judgment finding, *inter alia*, that SAP breached the Agreement and owed Emmes a duty of care in selecting its implementation partner. (*Id.* at ¶ 55.)

The Court dismissed the declaratory judgment and negligent misrepresentation claims with prejudice because the declaratory judgment request was duplicative of Emmes's breach of contract and negligence claims and Emmes acknowledged the gist of the action doctrine barred it from alleging negligent misrepresentation. (Apr. 28, 2021 Mem. 4 n.4, 13.) The Court also dismissed without prejudice the negligence and vicarious liability claims.

With respect to the negligence claim, Emmes did not plausibly demonstrate SAP owed it any duty of care in selecting AltaFlux as Emmes's implementation partner. (*Id.* at 10–11.) Emmes alleged SAP had a "contractual duty to use reasonable and ordinary care in selecting [its] implementation partner," (Compl. ¶ 36), but SAP brought Emmes and AltaFlux together before contracting with Emmes. (Apr. 28, 2021 Mem. 10.) Moreover, the Agreement does not mention AltaFlux's selection, and its plain language says "SAP makes no representations or warranties . . . related to the performance of the products or service" of third parties. (*Id.* at 10.) While the Complaint conclusorily asserted that AltaFlux acted as SAP's agent, Emmes did not plausibly allege a duty arising from an agency relationship because no alleged facts established that such a

relationship existed.  (*Id.* at 10–11.)  Emmes's allegations were particularly insufficient in light of the Agreement provision saying "Partner (AltaFlux) is not an agent of SAP." (*Id.* at 2, 10–11.)

Emmes's vicarious liability claim failed both because Emmes did not adequately allege SAP and AltaFlux had an agency relationship and because Emmes did not allege any underlying theory of liability that could be imputed to a purported agent.  (*Id.* at 12.)  The Court made clear that vicarious liability claims cannot stand under Pennsylvania law unless a claimant first establishes an underlying theory of liability. (*Id.*)

i

The only claim that survived SAP's Motion was for breach of contract.  There, the Court found Emmes plausibly alleged SAP breached the Agreement, but acknowledged a possibility that Emmes intended to plead breach of warranty instead. (*Id.* at 6–8.)  Because the Court dismissed some of Emmes's other claims without prejudice, the Court instructed Emmes that if it chose to amend its Complaint, and if it wished to allege breach of warranty, it should do so in lieu of the breach of contract claim.  (*Id.* at 7 n.5 (Emmes "cannot simultaneously pursue breach of contract and breach of warranty claims premised on the same harm") (citing *Pansini v. Trane Co.*, No. 17-3948, 2019 WL 1299036, at *8 (E.D. Pa. Mar. 21, 2019)).

ii

The Court allowed Emmes to amend its negligence and vicarious liability claims, as well as its breach of contract claim as necessary, on or before May 12.  (*Id.* at 14); (Apr. 28, 2021 Order ECF 29.)  Emmes missed that deadline.

C

Emmes now seeks leave to file an Amended Complaint. *See* (Mot. for Leave to Amend, ECF 36-3). It blames miscommunications among counsel for missing the Court's deadline and argues granting leave is appropriate because "[t]his case remains in its infancy, and no party will be prejudiced" by amendment. (*Id.* at 1–2, 4.)

Emmes' proposed Amended Complaint asserts breach of contract, negligence and vicarious liability claims, but now also alleges breach of warranty "in the alternative" to breach of contract. (Proposed Am. Compl. ¶¶ 34–49, ECF 36-4.) It also renews the declaratory judgment request the Court dismissed with prejudice. (*Id.* at ¶¶ 50–52.) Emmes now contends that instead of SAP having a contractual duty with respect to AltaFlux's selection, SAP "affirmatively undertook" a duty of care to Emmes in selecting AltaFlux as an implementation partner when it "required customers to work with third party implementation partners . . . and introduced and cultivated the relationship between the partner and the customer." (*Id.* at ¶¶ 39–40.) It further alleges SAP oversees and supports third party partners like AltaFlux through "formalized relationships." (*Id.* at ¶¶ 12–13.)

i

SAP contends amendment would be futile because the proposed Amended Complaint "is substantively deficient as it fails to comply with this Court's April 2[8], 2021 Order and Opinion." (Resp. to Mot. for Leave to Amend 1, ECF 38.) It points out Emmes is not entitled to renew its declaratory relief request and "Emmes has done nothing to fix the fact that its vicarious liability claim . . . fails because 'there is no independent cause of action for respondeat superior under Pennsylvania law.'" (*Id.* at

4–6.)  Moreover, Emmes's breach of contract and breach of warranty claims are premised on the same harm, so Emmes ignored the Court's instruction not to plead both.  (*Id.* at 2.)  It also claims Emmes's proposed allegations still fail to establish that SAP owed Emmes any duty of care in selecting AltaFlux as a partner or that AltaFlux is SAP's agent.  (*Id.* at 3–4.)

## II

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).  The decision to grant leave to amend is within the discretion of the district court.  *Id.*

A court may deny leave to amend a complaint on grounds such as prejudice, undue delay, bad faith, dilatory motive and futility.  *Id; see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").  "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. SSec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007)).  "A proposed amendment is futile 'if the amendment will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a renewed motion to dismiss.'"  *Blake v. JPMorgan Chase Bank, N.A.*, 259 F. Supp. 3d 249, 253–54 (E.D. Pa. 2017) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).

The standard for assessing futility "is the 'same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6).'" *Great Western Mining & Mineral Co.*, 615 F.3d at 175 (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). When assessing whether amendment would be futile, the court must "tak[e] all pleaded allegations as true and view[] them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

### III

It would be futile to allow Emmes to amend some of its claims. Emmes will be allowed to amend the Complaint only as it pertains to either the breach of contract or breach of warranty claim, as well as the negligence claim.

### A

The Court told Emmes it should not assert both breach of contract and breach of warranty claims if they are premised on the same harm, yet in pursuing both claims Emmes has nowhere argued they are premised on different harms. And as alleged, the claims are indistinguishable—both assert SAP is liable to Emmes for failing to provide a Cloud Service that conformed with what was promised and described in the Agreement. *Compare* (Proposed Am. Compl. ¶ 37 (in support of breach of contract claim, alleging "SAP failed to perform as provided in the Agreement in a manner that conforms to the expectations set forth in the Agreement")) *with* (*id.* at ¶ 58 (in support of breach of warranty claim, alleging "SAP . . . failed to meet its express remedial responsibilities by not correcting or replacing the nonconforming Cloud Service" or refunding Emmes "to reflect the noncomformance").

The Court, however, cannot say that either claim, pled on its own, would be futile.  The breach of contract claim is sufficiently pled for the reasons stated in the Court's April 28 Memorandum.  *See* (Apr. 28, 2021 Mem. 6–8).  And to support its breach of warranty claim, Emmes alleges the Agreement contains an express warranty that "the Cloud service will substantially conform to the specifications contained in the Documentation," SAP breached the warranty because the Cloud Service was nonconforming, SAP failed to remedy the nonconformance by fixing or replacing the Cloud Service or giving Emmes a refund even after Emmes gave SAP notice of its breach and Emmes lost tens of thousands of dollars by investing in a Cloud Service it cannot use.  *See* (Proposed Am. Compl. ¶¶ 1, 53–59).  These allegations are sufficient. *See, e.g.*, *Holtec Int'l & Holtec Mfg. Div., Inc. v. ARC Machs., Inc.*, 492 F. Supp. 3d 430, 444–45 (W.D. Pa. 2020); *Yurcic v. Purdue Pharma, L.P.*, 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004).

Again, Emmes may amend its Complaint to allege one of these claims, but not both.  *See Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 626 (E.D. Pa. 2010) (acknowledging Court's authority to dismiss duplicative claims); *see also Pansini v. Trane Co.*, No. 17-3948, 2019 WL 1299036, at *8 (E.D. Pa. Mar. 21, 2019), *reconsideration denied*, 2019 WL 2409740 (E.D. Pa. June 7, 2019) (collecting cases dismissing breach of contract claims duplicative of breach of warranty claims).

## B

Emmes may also pursue its negligence claim.  To state a claim for negligence, a plaintiff must allege facts sufficient to show "(1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) a causal connection between the breach and

resulting injury; and (4) actual loss or damages." (April 28, 2021 Mem. 9 (quoting *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 817 (E.D. Pa. 2016).)

Emmes's new allegations "nudge" its negligence claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accepting the allegations as true, Emmes says SAP's "duty of care to select a competent implementation partner for Emmes" arose from its affirmative conduct of introducing Emmes and AltaFlux, cultivating their relationship and requiring Emmes to work with AltaFlux in order to receive "a working and properly implemented Cloud Service." (Proposed Am. Compl. ¶¶ 6–8, 11, 39.)  In Pennsylvania, "[t]here is longstanding jurisprudence holding that in scenarios involving an actor's affirmative conduct, he is generally 'under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act." *Feleccia v. Lackawanna Coll.*, 215 A.3d 3, 14 (Pa. 2019) (quoting *Dittman v. UPMC*, 649 Pa. 496, 196 A.3d 1036, 1046 (Pa. 2018)); *cf. In re Wawa, Inc. Data Sec. Litig.*, No. 19-6019, 2021 WL 1818494, at *3–5 (E.D. Pa. May 6, 2021) (finding financial institutions plausibly pled Wawa owed them a common law duty of care to reasonably secure its payment systems arising from certain affirmative conduct and pursuant to the "longstanding jurisprudence" described in *Dittman* and *Feleccia*).

Emmes has adequately alleged facts supporting the remaining elements of a negligence claim as well.  According to Emmes, SAP breached its duty when it selected AltaFlux as Emmes's implementation partner[1] but "knew or should have known

---

[1]     The Court understands Emmes to allege SAP took on and breached its duty of care before SAP and Emmes executed the Agreement on April 25, 2018.  In its Motion to Dismiss, SAP, evidently reading the allegations the same way, pointed out Emmes did not file its initial Complaint until May 26, 2020 and argued Emmes is barred from asserting its negligence claim because

[AltaFlux] lacked knowledge, training, and was unqualified to perform the work necessary for implementation of SAP's Cloud Service." (Proposed Am. Compl. ¶ 41.) This breach caused Emmes to pay SAP and AltaFlux "significant fees" for a Cloud Service that remains unusable to Emmes at least partially because of AltaFlux's deficient performance. (*Id.* at ¶¶ 20, 22, 24–25, 27, 30, 40, 42–43.)

SAP argues even if the proposed Amended Complaint adequately pleads negligence, the gist of the action doctrine bars Emmes's negligence claim. The Court disagrees. The gist of the action doctrine bars tort claims against contracting parties where the claim "is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 630 Pa. 79, 106 A.3d 48, 53 (Pa. 2014). To determine whether the gist of the plaintiff's action is a breach of contract or a tort, courts look to the nature of the duty the defendant allegedly breached. *See Sales Benchmark Index LLC v. DeRosa*, No. 18-2680, 2018 WL 3918090, at *4 (E.D. Pa. Aug. 2018) (citing *Bruno*, 106 A.3d at 63). The mere labeling of a claim is not controlling; rather:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract . . . then the claim is to be viewed as one for breach of contract. . . . If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

---

Pennsylvania's statute of limitations for negligence claims is two years. *See* (Mot. to Dismiss 13–14, ECF 11). "As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues," *New Castle Cty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1124 (3d Cir. 1997) (internal quotations and citation omitted), but "Pennsylvania recognizes a 'discovery rule' exception to its two-year statute of limitations for negligence actions," *Souther v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 489 F. Supp. 2d 230, 268 (E.D. Pa. 2007). "Under the discovery rule, where a plaintiff is unable, despite exercising due diligence, to discover [its] injury or its cause, the statute of limitations is tolled." *Id.*

Discovery should shed some light on when the statute of limitations period began to run, and the Court will address SAP's argument on a complete record.

*Bruno*, 106 A.3d at 68 (internal citations omitted); *see also New York Cent. Mut. Ins. Co. v. Edelstein*, 637 F. App'x 70, 73 (3d Cir. 2016) ("In sum, a claim sounds in negligence unless it is alleged that the party breached one of the 'specific executory promises which comprised the contract.'") (quoting *Bruno*, 106 A.3d at 70).

Emmes's purported negligence claim seems to rely on SAP breaching a broad social duty both before and separate from the Agreement. The Court cannot yet conclude the gist of the action doctrine bars the claim.

C

It would be futile to allow Emmes to amend the remaining claims in its proposed Amended Complaint. Emmes says it reiterated vicarious liability and its request for declaratory judgment only to "preserve" the claims for appeal, (Mot. for Leave to Amend 2 n.1), and Emmes told SAP's counsel it regards those claims "as no longer viable as a result of the [Court's] previous ruling," (May 20, 2021 Email Exchange 2, ECF 36-4). As SAP correctly points out, these "no longer viable" claims are already preserved for appeal. *See* (Resp. to Mot. for Leave to Amend 5–6).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.